UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| BARRY DEMUS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 15-112-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| NATIONWIDE PROPERTY AND | ) | **MEMORANDUM OPINION** |
| CASUALTY INSURANCE COMPANY, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Plaintiff Barry Demus' motion to alter or amend the Court's Order granting summary judgment in favor of Defendant Nationwide Property and Casualty Insurance Company ("Nationwide"). [Record No. 44] This case arises from a 2013 automobile accident in which Nationwide's insured caused damage to Demus' truck. [Record No. 1-1, p. 7] Demus alleges that Nationwide violated Kentucky's Unfair Claims Settlement Practices Act ("UCSPA") in their handling of the resulting claim. [Record No. 1-1] On December 7, 2015, this Court granted Nationwide's motion for summary judgment on all claims and dismissed the case. [Record No. 42] The Court explained the facts and the allegations more fully in that Order. *Id. See Demus v. Nationwide Prop. & Cas. Ins. Co.*, No. 5:15-112-DCR, 2015 WL 8207501, \*1-2 (E.D. Ky. Dec. 7, 2015).

On January 4, 2016, Demus filed this motion, requesting reconsideration of the summary judgment opinion under Rule 59(e) of the Federal Rules of Civil Procedure. [Record No. 44] Under Rule 59(e), "[m]otions to alter or amend judgment may be granted if there is a clear error of law, . . . newly discovered evidence, . . . an intervening change in controlling

-1-

law, . . . or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). Specifically, Demus seeks relief based on alleged clear error and manifest injustice. [Record No. 44-1, p. 1]

Demus first claims that the Court erred by relying on an argument outside the summary judgment briefs for part of its decision. *Id*. at 2. To maintain a UCSPA claim, Demus was required to show that Nationwide's conduct was sufficiently outrageous to warrant an award of punitive damages. *See United Servs. Auto. Ass'n v. Bult*, 183 S.W.3d 181, 186 (Ky. Ct. App. 2003). As the Court explained in its December 7, 2015 opinion, "the insurer's conduct must amount to 'intentional misconduct' or 'reckless disregard.'" [Record No. 42, p. 7 (quoting *Bult*, 183 S.W.3d at 186)] Demus does not dispute that this is the proper legal standard. Instead, he challenges the Court's finding that Nationwide's settlement offer was not outrageous. [Record No. 44-1]

In its motion for summary judgment, Nationwide argued that it reasonably valued Demus' property damage and did not act outrageously in attempting to settle his claim. [Record No. 16-1, p. 11] According to Nationwide, it offered to pay Demus the pre-accident value of his vehicle, less the salvage value because Demus wanted to retain his vehicle and the estimated cost to repair the vehicle was more than ninety percent of the truck's retail value. [Recod No. 16-1, p. 7] Under Kentucky law, a vehicle must be salvaged if the estimated cost of repair is more than seventy-five percent of the vehicle's retail value. K.R.S. § 186A.520(1)(a). Demus countered that the cost to repair the vehicle was only sixty-two percent of the truck's retail value. [Record No. 35, p. 9] Thus, he argued that Nationwide acted outrageously by offering to salvage the vehicle instead of paying him the cost of repairs. *Id.*

The Court agreed with Demus that under Kentucky's salvage statute, his sixty-two percent figure was more accurate than Nationwide's calculation. [Record No. 42, p. 10] Nevertheless, Nationwide's conduct was not outrageous because nothing prevented Demus from obtaining a salvage title, even if his car's value fell below the salvage statute's seventy-five percent threshold. *Id.* The Court found that it was not unreasonable for Nationwide to suggest salvaging the vehicle where the damage was so substantial. *Id.* Further, Nationwide's salvage offer ($5,467.41) was significantly higher than the estimated cost to repair the vehicle ($3,941.58). *Id.* at 10-11. Accordingly, the Court rejected Demus' UCSPA claim where Nationwide initially offered him the best bargain. *Id.* at 11.

Demus now contends that the Court "erroneously adjudicate[d]" this claim by "rais[ing] a question *sua sponte*." [Record No. 44-1, p. 2] According to Demus, the only argument put forth by Nationwide was the ninety-percent argument. *Id.* But Demus' approach ignores Nationwide's broader position that its conduct was not outrageous. Nationwide based its argument in part on the ninety percent figure, but then stated, "[e]ven if Nationwide's actions were incorrect, mistaken, or erroneous, under the existing circumstances, Plaintiff cannot prove that Nationwide's conduct rose to the level necessary to impose punitive damages, and thus, cannot succeed as a matter of law." [Record No. 16-1, p. 17] Drawing all inferences in Demus' favor, including his sixty-two percent figure, the Court agreed with Nationwide. Its actions obviously did not amount to intentional misconduct or reckless disregard as the UCSPA requires, and nothing in Demus' motion for reconsideration refutes that finding.

Demus also fails to offer any legal support for his contention that an incorrect valuation is *per se* outrageous conduct. [Record No. 44-1, p. 2] In fact, the Supreme Court of Kentucky has expressly rejected that theory, holding:

-3-

> [t]he UCSPA does not require that a claim be evaluated, or that it be evaluated correctly.  It only requires that payment of a claim not be refused without conducting a reasonable investigation based on all available information, KRS 304.12–230(4), and that a good faith attempt be made to effectuate a prompt, fair and equitable settlement, KRS 304.12.230(6).

*Motorists Mut. Ins. Co. v. Glass*, 996 S.W.2d 437, 454 (Ky. 1997).

Demus also criticizes the Court for "persistently" drawing inferences against him, even though he was the non-movant. [Record No. 44-1, p. 3]  In particular, Demus accuses the Court of belittling him by treating statements in Nationwide's claims log as proven facts while referring to the facts presented by Demus as mere allegations.  *Id.* at 3-4.  Notably, Demus, not Nationwide, originally provided the Court with Nationwide's claims log. [Record No. 35-10] Moreover, Demus fails to specify in his motion for reconsideration what facts, if any, that he believes the Court misstated in its December 7th opinion.  Instead, Demus generally cites to the Court's entire four-and-a-half page statement of the facts. [Record No. 44-1, p. 3]  Demus seems primarily concerned with the Court's citations to the record rather than the actual substance of the opinion.  But such technical critiques fall far short of establishing a "clear error of law," and the Court declines to defend every sentence in its factual findings without more input from Demus.  And the time has not passed for that input.

Demus specifically accuses the Court of adopting Nationwide's description of the Retail Installment Contract and Security Agreement ("Installment Contract") for Demus' truck. [Record No. 44-1, p. 4]  For Demus to obtain a salvage title, all liens against the vehicle had to be released.  *See* 601 K.A.R. 9:200(2)(4).  Auto Select of Lexington, LLC ("Auto Select"), who sold the truck to Demus, claimed to hold a lien on the vehicle.  Demus represents that he fully paid for the truck before the accident, and Auto Select's claim was fraudulent. But Demus did not make Auto Select a party to this action.  Instead, he contends that

-4-

Nationwide violated the UCSPA by satisfying Auto Select's alleged lien without first investigating Demus' fraud claim.

While the UCSPA obligates insurers to promptly investigate and pay claims, the Supreme Court of Kentucky has found that it does not require insurers "to assume responsibility to investigate the amount of the claimant's loss for the claimant." *Wittmer v. Jones*, 864 S.W.2d 885, 892 (Ky. 1993). In light of that principle, the Court held in its December 7th opinion that the UCSPA also does not obligate an insurer to investigate a third party's lien on a claimant's vehicle. [Record No. 42, pp. 13-14] The undersigned then observed that, "[e]ven if Nationwide would have investigated and gained access to the evidence Demus now cites, the precise amount of the lien might still have remained uncertain." *Id.* at 14. The Court explained that Demus' fraud allegations conflicted with the Retail Purchase Agreement and Installment Contract provided by Auto Select. *Id.* Demus now accuses the Court of construing those documents as true. [Record No. 44-1, p. 4] The opinion plainly undermines this allegation. The Court merely discussed the documents for the purpose of showing that had Nationwide investigated, as Demus suggested, Auto Select would have likely provided the same documentation. At that point, Nationwide would have been faced with the difficult task of weighing conflicting evidence and then essentially arbitrating a lien dispute between two non-customers. Nothing in the UCSPA required Nationwide to a referee a debate about a transaction to which it was not a party, between individuals that it does not insure.

In his motion for reconsideration, Demus also attempts to re-litigate his claim that Naitonwide violated the UCSPA by failing to promptly effectuate a settlement. [Record No. 44-1, pp. 4-5] Like in his response to the motion for summary judgment, Demus again argues

that Nationwide should not have satisfied the lien without specifically negotiating the release of the lien as a condition of Auto Select receiving the check. *Id.* at 5. *See* Record No. 35, pp. 7-8. Demus also argues for the second time that Nationwide should not have made the check to Auto Select directly. *Id. See* Record No. 35, pp. 5-7. The Court expressly addressed both of those issues in its December 7th opinion. [Record No. 42, pp. 12-13 ("[Demus] states that Nationwide's records do not support the amount of the check or Nationwide's issuance of the check solely to Auto Select. . . . Demus also finds fault with Nationwide's failure to secure the lien's release in writing. . . . However, the plaintiff fails to cite to any authority that would convert these factual contentions to legal claims." (internal citations to the record omitted))] Simply raising the same arguments without new evidence or legal authority to support them is insufficient for relief under Rule 59(e). *See Thomas & Betts Corp. v. Hosea Project Movers, LLC*, No. 02-2953 MA/A, 2005 WL 2777012, *1 (W.D. Tenn. Oct. 24, 2005) ("The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments, or present evidence that could have been raised prior to the entry of the judgment.").

Additionally, Demus contends that the Court impermissibly inferred that he declined a rental car from a notation in the claims log stating that he did not utilize a rental car. [Record No. 44-1, p. 5] According to the plaintiff, "[t]he inference of an offer and refusal from the claims log is completely unsupportable." *Id.* The undersigned disagrees. The cited claims log notation supports that inference, and Demus has not presented any evidence or sworn statements to the contrary. Regardless, this issue, by itself, is not substantive to the Court's summary judgment decision. The Court merely discussed the option of a rental car in analyzing Demus' loss of use claim. Kentucky law provides for damages for loss of use of a motor vehicle as an element of a property damage liability claim. *See* K.R.S. § 304.39-115.

However, the statute limits such damages to "reasonable and necessary expenses for the time necessary to repair or replace the motor vehicle." *Id.* All of Demus' claims for loss of use involved lost income or expenses for gasoline. In its December 7th opinion, the Court held that, "the statute provides for recovery of 'expenses,' not lost income or lost time. The statute's reasonable and necessary requirement presupposes reimbursement for some kind of replacement transportation like bus fees or the cost of a rental vehicle. No such expense appears on Demus' list." [Record No. 42, p. 23] Demus has still not alleged any expenses that are appropriate for reimbursement under the loss of use statute. Thus, the Court will not alter its judgment on that issue.

Finally, Demus again argues that Nationwide's Best Practices Manual and other discovery yet to be produced by Nationwide was necessary to this Court's disposition of the summary judgment motion. [Record No. 44-1, pp. 6-7] Demus claims that Nationwide's internal policies are "evidently material" to his allegations that Nationwide violated the UCSPA by failing to adopt and implement reasonable standards. *Id.* at 6. He also alleges that they are relevant to his claims that Nationwide's settlement practices are unreasonable. *Id.* In the opinion granting summary judgment, the Court rejected Demus' request for further discovery because he did not "explain the reason more discovery [was] needed and what material facts he . . . hopes further discovery will produce." [Record No. 42, p. 25 (citing *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000)] Moreover, the Court observed in a footnote that, "Nationwide's polices are not necessary for the disposition of the defendant's motion." [Record No. 42, p. 18 n.3] Before the Court issued its opinion but after

the parties had fully briefed the summary judgment issue, Nationwide produced its Best Practices Manual, one of the documents Demus had requested. [Record No. 49][1]

In his motion for reconsideration, Demus alleges that Nationwide violated several provisions of its Best Practices Manual. [Record No. 44-1, pp. 5 n.5, 7] However, an insurer's violation of its own internal policies is not, by itself, actionable conduct under the UCSPA or any other law. As for Demus' claim that Nationwide's settlement conduct was unreasonable, Nationwide's conduct speaks for itself. The Court has considered all of Demus' complaints about Nationwide's conduct, has construed those complaints in a light most favorable to Demus, and still found that Nationwide's conduct was not unreasonable or outrageous. Nationwide's internal policies do not set the standard for reasonableness. That is a factual question, and in this case, Demus did not demonstrate that the question was genuinely in dispute such that his claim should be decided by a jury.

Regarding Demus' claim that Nationwide failed to adopt and implement reasonable standards, Demus has still not explained what inculpatory evidence he believes further discovery might produce. He only states that "guidelines about the calculation of damage percentages and whether and why a vehicle was to be salvaged even though its damage percentage did not meet a statutory threshold could answer whether Nationwide routinely miscalculated damage percentages . . . ." [Record No. 44-1, p. 6] However, as discussed above, incorrectly evaluating a claim does not give rise to a cause of action under the UCSPA. The UCSPA only requires that insurers have reasonable standards for the *prompt* investigation of claims. *See* K.R.S. § 304.12-230(3). Demus admits that the Best Practices Manual

---

[1] This is currently under seal.

"repeatedly emphasizes that claims settlement steps should be 'completed timely' and properly documented." *Id.* at 7. In short, further discovery has only revealed evidence that is unfavorable to Demus' case, and he has failed to allege how further discovery might strengthen his case to the point of precluding summary judgment.

Accordingly, it is hereby **ORDERED** that Plaintiff Barry Demus' motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure [Record No. 44] is **DENIED**.

This 10th day of June, 2016.

Signed By:
*Danny C. Reeves*   DCR
United States District Judge